**Walter M. DUNKERSON, Petitioner,**

v.

**INDIANA DEPARTMENT OF REVENUE, Respondent.**

**No. 41T05–8612–TA–00054.**

Tax Court of Indiana.

March 5, 1987.

Edward B. Hopper, II, Hopper & Opperman, Indianapolis, for petitioner.

Linley E. Pearson, Atty. Gen. by Marilyn Meighen, Deputy Atty. Gen., Indianapolis, for respondent.

FISHER, Judge.

### STATEMENT OF THE CASE

The Court having taken this matter under advisement now finds:

1. That Petitioner from June, 1965, until some time in 1982, was a shareholder and officer of Route 31 Service Plaza, Inc. (Route 31).

2. That the tax alleged to be due is in the approximate sum of $36,145 plus interest, constituting sales tax and withholding taxes for the periods ending July 31, 1980 and April 30, 1981 alleged to be due by Route 31.

3. That some time prior to July, 1980, Petitioner, as part of a financing agreement and arrangement, allowed others to assume control of Route 31's financial affairs; his role was relegated to that of an employee, with no connection to the financial affairs of Route 31.

4. In April, 1981, Route 31 obtained relief under the bankruptcy laws of the United States at which time Petitioner was in control of the financial affairs once again.

5. That Petitioner is currently employed by Indy Auto Sound and receives a weekly wage.

6. That Petitioner *prima facie* has little or no equity or assets.

## DISCUSSION AND DECISION

IC 33–3–5–11(c) provides *inter alia* that to grant an injunction enjoining the collection of the tax pending the original tax appeal this Court must find that (1) the issues raised by the original tax appeal are substantial; (2) the Petitioner has a reasonable opportunity to prevail in the original tax appeal; and (3) the equitable considerations favoring the enjoining of the collection of the tax outweigh the State's interest in collecting the tax pending the original tax appeal.

The Court finds that the Petitioner has met all three criteria and that the injunction should issue.

At issue is whether Petitioner owes the taxes alleged to be due under certain provisions of IC 6–2.5–9–3 and IC 6–3–4–8(d) (statute in effect in 1980 and 1981). A careful review of these statutes does not result in any clear interpretation on the facts presented and thus the issue is substantial.

Upon the evidence presented there is a reasonable probability that Petitioner had no control over the corporate finances during the periods in question and, depending upon the interpretation of the above cited statutes, Petitioner has a reasonable opportunity to prevail in the original tax appeal. It also appears that there may be others who could be liable under the above cited statutes.

Further, it does not appear that the State will be in any worse position or in any additional jeopardy with respect to its ability to collect the tax than at the present if it is enjoined from proceeding with collection efforts during the pendency of the original tax appeal. At best, it appears that a garnishment of Petitioner's wages might be had but the dollars collected during the pendency of the original tax appeal would not be substantial under existing garnishment laws and would not be a very large proportion of the taxes alleged to be due. Thus, the equitable considerations favoring the granting of the injunction outweigh the State's interest in collecting the tax during the pendency of the original tax appeal.

The Court does find, however, that Petitioner should do nothing to place himself in any worse financial position during the pendency of the original tax appeal than at present.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Respondent, State of Indiana, Department of Revenue, be and it is hereby enjoined from proceeding with collection efforts pending the original tax appeal until the original tax appeal is heard and determined.

The Petitioner is ORDERED not to do anything which may cause him to be in any worse financial position than at present and the Petitioner is ORDERED to permit the Respondent to examine, audit, and otherwise investigate the financial condition of the Petitioner from time to time as it deems necessary to satisfy itself that the Petitioner is indeed in the same or better financial position as he is at the time of this Order.